RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 7/11/07
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| OSCAR D. BEASLEY, JR. | DOCKET NO. 07-CV-0602 |
| VERSUS | JUDGE DRELL |
| NATCHITOCHES PARISH DETENTION CENTER | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Oscar D. Beasley, Jr., filed *in forma pauperis* on April 2, 2007. Beasley is an inmate at the Natchitoches Parish Detention Center ("NPDC"), the only defendant named in this suit. Plaintiff claims that NPDC failed to provide him proper medical treatment and subjected him to inhumane living conditions, constituting cruel and unusual punishment in violation of the Eight Amendment.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court.

## STATEMENT OF THE CASE

Plaintiff alleges that he received multiple traffic citations as a result of an accident in which he was involved on February 5, 2007. Because of the citations, his parole was revoked and he was incarcerated at the NPDC following hospitalization at the Natchitoches Regional Medical Center. Plaintiff claims that the physician at the hospital ordered physical therapy for Plaintiff's broken collarbone. As of April 2, Plaintiff had not received physical therapy, so he filed this lawsuit claiming NPDC was deliberately indifferent to his medical needs. He believes that he will suffer from permanent loss of motion in his shoulder due to the lack of proper treatment.

Plaintiff filed a supplemental complaint [Doc. #3] on April 5, 2007, stating that he was examined by the NPDC "facility doctor" on March 27, 2007. That doctor prescribed pain medication and muscle relaxers, ordered x-rays, and ordered physical therapy. Plaintiff complains that he should have been receiving therapy from the date of his incarceration based on the orders from the hospital.

In another pleading [Doc. #5] plaintiff alleged that, on April 17, 2007, Captain Armstrong woke Plaintiff up and made him go outside for recreation. Plaintiff told the captain that he had not yet received his muscle relaxer or pain medication, but Armstrong made Plaintiff go outside anyway. Plaintiff filed another pleading alleging that he was forced to go outside for recreation again on April 30, 2007. [Doc. #7]

On April 23, 3007, Plaintiff filed a document complaining that his pain medication had been "suspended" without his doctor's consent. [Doc. #6] The nurse informed Plaintiff that his pain medication had been prescribe for only a limited time. Plaintiff claims that he was not aware of that.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

prison conditions. 42 U.S.C.1997e(c)(1).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

**2. Medical Care**

Plaintiff claims that NPDC should have provided him with physical therapy immediately or shortly after he was transferred to the prison from the hospital. He claims that he received no therapy from February 5, 2007, the day of the accident, until March 27, 2007, when he was evaluated by the NPDC physician. He also complains that he only received pain medication for a limited period of time.

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment ... whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care...." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir.1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless Plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 838. Negligent conduct by prison officials does not rise to the level of a constitutional violation. Daniels v. Williams, 474 U.S. 327 (1986), Davidson v. Cannon, 474 U.S. 344 (1986).

Based on documents filed by Plaintiff, it is clear that he received medical treatment - first at the Natchitoches Regional Medical Center immediately following his accident, and subsequently at NPDC. Still, Plaintiff claims that his medical care was **delayed**. Thus, in order to state a claim, Plaintiff must demonstrate that the defendant was deliberately indifferent and that he suffered substantial harm from the delay. See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir.1993); Campbell v. McMillin, 83 F.Supp.2d 761 (S.D.Miss.2000).

First, even assuming that the defendant was deliberately indifferent, and before determining whether or not the Plaintiff has suffered "substantial harm," the court must first find that there has been a "delay." See Harris v. Maxwell L 1031391, *1 -2 (N.D.Miss.,2007). While twenty to twenty-five days passed between the hospitalization and treatment by the prison physician, there is no allegation, indication, or evidence that this "delay" was due to deliberate indifference. Plaintiff believes that he should have received physical therapy immediately upon his arrival at NPDC, or at least at some point before the March 27, 2006 examination. However, merely alleging that additional diagnostic measures should have been undertaken or that an alternative method of treatment should have been utilized does not elevate a claim to constitutional dimension. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

As other courts have discussed, "[t]hough by literal definition the 26 days between the order and procedure is a delay, by constitutional ruler waiting that length of time to see a medical specialist for a non-life threatening injury does not amount to a depravation of rights. Indeed, it is not

uncommon for those who are *not* incarcerated to wait for substantially longer periods of time for specialized medical treatment." Harris v. Maxwell, 2007 WL 1031391, *2 (N.D.Miss.,2007), *citing* Gibson v. Shabazz, No. Civ. A. H-04-3405, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations."); see also Buckley v. Correctional Medical Services, Inc., 125 Fed. Appx. 98, 2005 WL 600651 (8th Cir.2005) (20 month delay in scheduling elbow surgery after it was recommended did not state a 1983 claim; the delay was due to misunderstanding, it was a non-emergency and not detrimental); Hines v. Cain 2007 WL 891880, *11 (E.D.La.,2007), *citing* Lewis v. Sheahan, 35 F.Supp.2d 633, 637 (N.D.Ill.1999) (allegations that prisoner had to wait several months for appointment for physical therapy, CAT scan and thyroid tests did not implicate serious medical needs).

Notwithstanding the alleged delay, Plaintiff has failed to show, or even allege, how the defendant interfered with or impeded his treatment. Any allegation that the defendant acted with deliberate indifference in "delaying" Plaintiff's treatment is conclusory.[2]

3.  **Non-juridical Entity**

Plaintiff filed suit against the Natchitoches Parish Detention Center. A prison or jail is not a "person" subject to suit under 42 U.S.C. § 1983. See Martinez v. Larpenter, 2005 U.S. Dist. LEXIS 36879 (D. La. 2005), citing e.g., Cullen v. DuPage County, 1999 U.S. Dist. LEXIS 19477, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, 1997 U.S. Dist. LEXIS 16335, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell

---

[2]The undersigned notes, also, that Plaintiff has admittedly failed to exhaust administrative remedies. He claims that there is a procedure in place at the NPDC, but that he was unaware of the procedure. [Doc. #1]

v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

In the event that Plaintiff had stated a claim for which relief can be granted, his suit would be subject to dismissal as the named defendant is a non-juridical person and is incapable of being sued.

### 4. Rule 41.3

Finally, Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Additionally, Local Rule (LR) 41.3W provides in part, "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

The Department of Corrections Inmate Locator Service reports that Plaintiff was released on parole on May 21, 2007. Plaintiff has not provided the Court with an updated address; the address on file is the Natchitoches Parish Detention Center. Therefore, even if Plaintiff had stated a claim for which relief could be granted, his suit would be subject to dismissal under Local Rule 41.3.

Plaintiff's claims lack an arguable basis in fact and law and are frivolous. See Neitzke v. Williams, 490 U.S. 319 (1989).

### CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 10th day of July, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE